JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN LAMMEY,<br><br>                Plaintiff,<br><br>    v.<br><br>LEADER GROUP ENTERPRISES, LLC, et al.,<br><br>                Defendants. | Case No. 2:19-cv-10679-FLA (Ex)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DKT. 36] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. 38]** |

### RULING

Before the court are two motions: (1) Plaintiff Dwain Lammey's ("Plaintiff" or "Lammey") Motion for Leave to File a First Amended Complaint ("Motion to Amend"); and (2) Defendants Leader Group Enterprises, LLC, et al.'s ("Defendants") Motion for Summary Judgment. Dkts. 36, 38. On May 17, 2021, the court found these matters appropriate for resolution without oral argument and vacated the hearing set for May 21, 2021. Dkt. 48; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES Plaintiff's Motion to Amend and GRANTS Defendants' Motion for Summary Judgment.

1

# BACKGROUND

Plaintiff, a quadriplegic who uses a wheelchair for mobility, brings this action for violation of the Americans with Disabilities Act ("ADA") of 1990 (42 U.S.C. § 12101, *et seq.*) against Defendants, the former and current owners of a store located at 1600 W. Slauson Avenue in Los Angeles (the "Property").[1]  *See* Dkt. 1 ("Compl.") ¶¶ 1-5, 23-31.  Plaintiff alleges Defendants failed to provide accessible sales counters and paths of travel at the Property in conformance with ADA standards.  Compl. ¶¶ 12-15.

Pursuant to the court's scheduling order in this action, the deadline to hear any motion to amend pleadings or add parties was August 3, 2020.  *See* Dkt. 28.  On March 26, 2021, Plaintiff filed the instant Motion for Leave to File a First Amended Complaint and modify the scheduling order.  Dkt. 36.  The same day, Defendants filed their Motion for Summary Judgment.  Dkt. 38.

# DISCUSSION

## I. Plaintiff's Motion for Leave to File First Amended Complaint

### A. Legal Standard

When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the "good cause" standard of Fed. R. Civ. P. 16(b)(4) ("Rule 16").  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

---

[1] On January 14, 2020, the Honorable Otis D. Wright, II declined to exercise supplemental jurisdiction over Plaintiff's California Unruh Act claim (Cal. Civ. Code § 51), limiting Plaintiff's remedies to injunctive relief under the ADA.  Dkt. 15.

After the moving party has demonstrated diligence under Rule 16, the court applies the standard under Fed. R. Civ. P. 15 ("Rule 15") to determine whether the amendment is proper. *See id.* at 608. Rule 15(a)(2) permits a party to amend its pleading with the opposing party's written consent or the court's leave. The court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting leave to amend is left to the sound discretion of the court, and the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, the policy favoring amendments to pleadings is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2013) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court recognized that leave to amend should be "freely given" in the absence of good cause to deny amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…." The party opposing amendment bears the burden of persuading the court that any of these factors are present. *See Xyience Beverage Co., LLC v. Statewide Beverage Co., Inc.*, Case No. 2:15-cv-02513-MMM (AJWx), 2015 WL 13313487, at *3-5 (C.D. Cal. Oct. 30, 2015). Prejudice to the opposing party is the key factor. *See Eminence*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

**B.     Analysis**

Plaintiff argues that, although the deadline to amend the Complaint has passed, good cause exists to allow Plaintiff to amend because the United States Supreme

3

Court's recent decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), allows him to include a claim for nominal damages stemming from the alleged ADA violation. *See* Dkt. 36-1 at 4-6. A change of law may constitute good cause to modify a scheduling order. *Ohio Sec. Ins. Co. v. Axis Ins. Co.*, No. C15-5698 BHS, 2018 WL 5013774, at *3 (W.D. Wash. Oct. 16, 2018). The court, however, finds the *Uzuegbunam* decision does not change the law for purposes of Plaintiff's ADA claim, thus Plaintiff fails to establish good cause for amendment.

In *Uzuegbunam*, 141 S. Ct. at 796-97, students at a public college sought nominal damages and injunctive relief under 42 U.S.C. § 1983 ("Section 1983"), alleging the college's "speech code" policies violated the First Amendment. College officials chose to discontinue the challenged policies and sought dismissal on the ground that the action was moot because the students sought only injunctive relief and nominal damages. *Id.* at 797. The students conceded that injunctive relief was no longer available, but contended their case was still live because they also sought nominal damages. *Id.* The Supreme Court held that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Id.* at 802. Accordingly, nominal damages can satisfy the redressability prong for Article III standing.

Plaintiff argues *Uzuegbunam* "altered the way in which nominal damages interact with equitable relief claims, such as those available under the Americans with Disabilities Act." Dkt. 36-1 at 1. The court disagrees. Ninth Circuit precedent makes clear that "[d]amages are not recoverable under Title III of the ADA—only injunction relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188(a)(1) (providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(a), which do not permit recovery of monetary damages). Unlike with the ADA, plaintiffs asserting Section 1983 claims may recover damages. *See Carey v. Piphus*, 435 U.S. 247, 267 (1978). *Uzuegbunam*, 141 S. Ct. at 802, did not expand the scope of remedies recoverable under the ADA

and only stands for the proposition that nominal damages, if available, may be sufficient to establish standing. As nominal damages are not available under the ADA, *Uzuegbunam* is inapposite to the claims at hand.

As Plaintiff fails to establish any change in law to his prospective relief for his ADA claim, there is no good cause to amend the scheduling order. Accordingly, Plaintiff's Motion to Amend is DENIED.

## II.  Defendants' Motion for Summary Judgment

### A.  Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c), (e). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The court must decide whether the moving party is entitled to judgment as a matter of law in light of the facts presented by the nonmoving party, along with any undisputed facts. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 & n.3 (9th Cir. 1987). "Where the record taken as a whole could not lead a rational

trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts … must be viewed in the light most favorable to the party opposing the motion." *Matsushita*, 475 U.S. at 587. "If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party. … Inferences from the nonmoving party's 'specific facts' as to other material facts, however, may be drawn only if they are reasonable in view of other undisputed background or contextual facts and only if such inferences are otherwise permissible under the governing substantive law." *T.W. Elec.*, 809 F.2d at 631-32. "[S]ummary judgment should not be granted where contradictory inferences may reasonably be drawn from undisputed evidentiary facts…." *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 (9th Cir. 1980). The nonmoving party, however, must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324.

**B.** **Analysis**

Defendants argue Plaintiff's ADA claim is moot and they should be granted summary judgment because they corrected the alleged ADA violations by making wider paths of travel and lowering the existing sales counter inside the store. Dkt. 38-2 at 1. Relying on his Motion to Amend and claim for nominal damages, Plaintiff disputes whether this action is moot. Dkt. 44 at 2. Plaintiff, however, does not dispute that the path of travel and sales counter barriers at the store have been removed and concedes that an injunction is no longer necessary. Dkt. 44 at 2.

As discussed above, a plaintiff is only entitled to injunctive relief under the ADA, and a defendant's voluntary removal of alleged barriers prior to trial can moot a plaintiff's claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

Because the court has denied Plaintiff's Motion to Amend and Plaintiff concedes the barriers were removed, the court GRANTS Defendants' Motion for Summary Judgment.

## CONCLUSION

The court DENIES Plaintiff's Motion for Leave to File a First Amended Complaint and GRANTS Defendants' Motion for Summary Judgment. The court enters Judgment in Defendants' favor on Plaintiff's ADA claim.

This Order shall constitute notice of entry of judgment pursuant to Fed. R. Civ. P. 58. Pursuant to Local Rule 58-6, the court ORDERS the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.

Dated: July 13, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge